E-FILED
Monday, 23 March, 2026  10:55:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JORGE GUERRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-04149-SLD-RLH |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Menard, Inc.'s ("Menards") motion for summary

judgment, ECF No. 36.  For the reasons that follow, Menards's motion for summary judgment is

GRANTED.

## BACKGROUND[1]

On August 22, 2020, Plaintiff Jorge Guerra arrived at the Moline Menards to shop.

Guerra parked his car and walked up to the store entrance.  Immediately before entering the

doors, Guerra realized he needed to return to his car, so he turned around and began walking

back towards the parking lot.  As he did so, an employee was pushing a line of shopping carts on

---

[1] At summary judgment, a court "constru[es] the record in the light most favorable to the nonmovant and avoid[s] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).  The facts related here are taken, unless otherwise noted, from Menards's statement of undisputed material facts, Mot. Summ. J. 2–3, and from the exhibits to the filings.  Guerra's response contained no statement of facts, nor did it dispute Menards's statement of facts. *See generally* Resp., ECF No. 38.  Pursuant to Civil Local Rule 7.1(D)(2)(b)(6), all facts not properly responded to are treated as undisputed; however, facts containing legal conclusions will not be treated as true, regardless of whether they are undisputed. *See, e.g.*, *Phillips v. Quality Terminal Servs., LLC*, 855 F. Supp. 2d 764, 771–72 (N.D. Ill. 2012) (stating that the court will not accept legal conclusions provided in statements of fact as "facts").  Although the Court is not required to "comb the record in search of factual disputes," it is "free to consider the evidence placed in the summary[ ]judgment record." *Latko v. Cox*, No. 20-2634, 2021 WL 5234863, at *2 (7th Cir. Nov. 10, 2021) (quotation marks omitted) (upholding the district court's decision to "consult[ ] other materials in the record" when the plaintiff failed to submit a statement of material facts in compliance with local and federal rules (quotation marks omitted)); *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) ("Rule 56 *permits* the court to consider uncited materials in the record when ruling on a motion for summary judgment but *requires* the court consider only the cited materials." (quotation marks omitted)).

the sidewalk in front of the entrance, the same path Guerra took when walking to the entrance. Menards's employees routinely bring carts back to the store along this route, rather than through the parking lot, for employee safety. Tinsley Dep. 7:25–8:9, Mot. Summ. J. Ex. B, ECF No. 36-2 (Moline Menards assistant manager explaining the preferred route for lines of carts to take when returning to the store). Also on the sidewalk and adjacent to the entrance was a plant stand, displaying plants on several shelves.

Guerra, who testified that he was looking towards his car, Guerra Dep. 31:1–6, Mot. Summ. J. Ex. A, ECF No. 36-1, tripped over the plant stand and fell. He sustained injuries to his right elbow, arm, and both his knees, as well as a cut above his left eye. Guerra's arm was broken and required surgery. His glasses were broken too. When Guerra fell, nothing obstructed his view of the plant stand, he did not have any vision issues, and he was not carrying anything to block his vision. Until Guerra viewed the surveillance footage shortly before his deposition, he believed he tripped on the carts, not the plant stand.

On August 5, 2022, Guerra filed a complaint against Menards in the Fourteenth Judicial Circuit, Rock Island County, alleging one count of negligence. Compl. 1, Not. Removal Ex. A, ECF No. 1-2 at 3–5. Menards subsequently removed the case to federal court on October 12, 2022.[2] Not. Removal 1, ECF No. 1. On February 2, 2026, Menards filed its motion for summary judgment. Mot. Summ. J. 1.

---

[2] A defendant can remove an action brought in state court to federal court if a United States district court would have original jurisdiction over it. 28 U.S.C. § 1441(a). Here, the Court has diversity jurisdiction over the matter. *See id.* § 1332. There is complete diversity between the parties. Guerra is a resident of, and therefore a citizen of, Illinois. Not. Removal ¶ 3, ECF No. 1. Because Menards's principal place of business is in Wisconsin and it is incorporated in Wisconsin, it is a Wisconsin citizen. *Id.* ¶ 4. And there is a good faith basis to believe that the amount in controversy exceeds $75,000. *Id.* ¶ 7; Compl. 3.

**DISCUSSION**

## I.    Legal Standard[3]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999) (quotation marks omitted).

## II.    Analysis

The parties agree that Illinois substantive law applies to this negligence suit. To prevail on a negligence cause of action, a plaintiff must prove: "(1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach." *Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 519 (Ill. App. Ct. 2010). Menards argues that it is entitled to summary judgment because, as a matter of law, it had no duty to protect Guerra against the plant stand since it was an open and obvious danger. Mot. Summ. J. 3–11.

---

[3] Although Guerra cites the Illinois summary judgment standard, the well-known *Erie* doctrine dictates that in diversity jurisdiction cases such as this, state law governs the substantive aspects of the case, while federal law governs the procedural aspects. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

"Whether a duty exists is a question of law to be determined by the court." *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018). In making that determination, the court considers four factors: "(1) the reasonable foreseeability of injury to another, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant." *Kleiber v. Freeport Farm & Fleet, Inc.*, 942 N.E.2d 640, 646 (Ill. App. Ct. 2010). A business operator "owe[s] his invitees a duty to exercise reasonable care to maintain his premises in a reasonably safe condition for use by the invitees." *Ward v. K Mart Corp.*, 554 N.E.2d 223, 227 (Ill. 1990). But there is an exception to this general duty of care: the open and obvious doctrine. *Park v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 960 N.E.2d 764, 769 (Ill. App. Ct. 2011).[4] A possessor of land is typically not liable to invitees for harm "caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm

---

[4] Some courts applying Illinois law have suggested that the open and obvious doctrine does not apply to ordinary negligence claims, but only to premises liability claims. *See Gentry v. Shop 'n Save Warehouse Foods, Inc.*, 708 F. Supp. 2d 733, 740 n.2 (C.D. Ill. 2010) (citing *Wind v. Hy-Vee Food Stores, Inc.*, 650 N.E.2d 258, 262–63 (Ill. App. Ct. 1995)); *see also Muzzarelli v. United Parcel Serv., Inc.*, No. 1:15-cv-01169-JBM-JEH, 2017 WL 2786456, at *8 (C.D. Ill. June 27, 2017) ("[A]n open and obvious danger is a defense to premise liability, which is inapplicable because Plaintiff's Complaint appears to assert an ordinary negligence claim."); *Morrison v. Wal-Mart Stores, Inc.*, No. 1:15-cv-01232-JEH, 2016 WL 7410537, at *2 (C.D. Ill. Dec. 22, 2016). *But see Bujnowski v. Birchland, Inc.*, 37 N.E.3d 385, 388 (Ill. App. Ct. 2015) ("In *Ward*, the supreme court applied the open-and-obvious rule to a claim for ordinary negligence."). Menards references premises liability in its filing, *see* Mot. Summ. J. 3, but acknowledges Guerra's claim is one for negligence. The difference between an ordinary negligence and a premises liability claim seems somewhat undefined. Premises liability is a species of negligence. *See Nelson v. Aurora Equip. Co.*, 909 N.E.2d 931, 934 (Ill. App. Ct. 2009) ("A premises-liability action *is* a negligence claim." (emphasis added)). *Compare Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (laying out, instead of the general duty, breach, harm, and causation test for negligence actions, a six-part test for Illinois premises liability actions, which still includes a requirement of a "negligent act or omission on the part of the defendant"), *with Rusch v. Leonard*, 927 N.E.2d 316, 321 (Ill. App. Ct. 2010) ("To prevail on a claim for premises liability, a plaintiff must allege and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach of duty."). In some instances, it seems that the premises liability framework merely provides the relevant duty for a negligence claim: a landowner or business owner's duty to maintain its premises in a reasonably safe condition. Any difference between a negligence and premises liability theory, with respect to Guerra's claim that Menards either negligently caused a hazardous condition or negligently failed to correct a hazardous condition, does not seem consequential. The Court will therefore follow the parties' lead and address their arguments and their framing of the issues. *See Dunn*, 880 F.3d at 906 (7th Cir. 2018) (applying the open and obvious doctrine to "a cause of action for negligence"); *Hamilton v. Target Corp.*, No. 11 C 6878, 2013 WL 6050441, at *2–3 (N.D. Ill. Nov. 15, 2013) (addressing an argument that a puddle on a floor was "open and obvious" in a negligence claim that Target breached its duty to maintain its premises in a reasonably safe condition).

despite such knowledge or obviousness." *Kleiber*, 942 N.E.2d at 647 (quoting Restatement (Second) of Torts § 343A(1) (1965)). The open and obvious doctrine recognizes that it would not be "foreseeable to a possessor of land that an invitee would be injured when the condition or danger [is] open and obvious," *id.*, because "people are expected to appreciate and avoid obvious risks," *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996).

Menards argues that the plant stand was an open and obvious danger from which it had no duty to protect Guerra. Mot. Summ. J. 3–11. Guerra makes no argument challenging the plant stand as an open and obvious danger. *See generally* Resp., ECF No. 38. Instead, he argues only that the distraction exception to the open and obvious doctrine applies. *Id.* at 3–6. Although the parties seem to agree that the plant stand was open and obvious, for the sake of thoroughness, the Court will first conduct its own analysis. Because no dispute exists as to the plant stand's physical nature, the Court can determine whether it was an open and obvious condition. *See Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014). The question is whether the condition and its risk would be apparent to a reasonable person in the plaintiff's position. *See id.* As Menards argues, the plant stand is large and easy to see. Mot. Summ J. 6; *see generally* Surveillance Video, Mot. Summ. J. Ex. C, ECF No. 36-3. A reasonable person with Guerra's knowledge of the situation, having just walked past the visible plant stand, Surveillance Video 00:06–00:17, with no vision issues or anything obstructing his view of the stand, Guerra Dep. 24:21–25:22, would have recognized the hazard presented by the plant stand and worked to avoid it, *see Dunn*, 880 F.3d at 908. As such, the plant stand constitutes an open and obvious danger.

There are two exceptions to the open and obvious danger doctrine—the distraction and deliberate encounter exceptions—which "apply under certain circumstances when the possessor

of land has reason to anticipate or expect that an injury will occur to an invitee, despite the open and obvious nature of the danger." *Kleiber*, 942 N.E.2d at 647. Guerra asserts that the distraction exception applies and that, as such, Menards owed him a duty to protect against the plant stand. Resp. 3–6. In reply, Menards points to what it suggests are distinguishing facts between the case at hand and the cases Guerra relies upon in his response. *See generally* Reply, ECF No. 39.

"The distraction exception applies where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Bruns*, 21 N.E.3d at 691 (alteration in original) (quoting *Sollami v. Eaton*, 772 N.E.2d 215, 223 (Ill. 2002)). This exception applies only "where evidence exists from which a court can infer that [the] plaintiff was actually distracted." *Id.* Although there is no bright-line rule on what constitutes a distraction for purposes of the exception, it is clear that "the mere fact of looking elsewhere does not constitute a distraction." *Id.* at 692. In cases where Illinois courts have found that the distraction exception applies, there has been "some circumstance . . . present that required the plaintiff to divert his or her attention from the open and obvious danger, or otherwise prevented him or her from avoiding the risk." *Id.* at 693. In those cases, the distraction was also "reasonably foreseeable by the defendant" because the defendant either sold the item that caused the distraction, created the distraction, or directed the plaintiff to perform a task that caused the distraction. *Id.*

Both parties cite several cases to bolster their arguments about the distraction exception's applicability. *See* Mot. Summ. J. 6–11; Resp. 4–6. Guerra's best argument comes via analogy to *Green v. Jewel Food Stores, Inc.*, 799 N.E.2d 740, 744 (Ill. App. Ct. 2003). In *Green*, upon

exiting a store, the plaintiff "grabbed for" an errant cart in an effort to stop it from hitting cars. *Id.* at 742 (quotation marks omitted).  While doing so, she fell, likely because she lost her balance on a ridge between the sidewalk and parking lot.  *Id.*  The *Green* court held that the distraction exception applied because "it was reasonably foreseeable that a customer would be distracted by an unattended shopping cart and trip and fall over the irregular pavement."  *Id.* at 745.  But *Green* does not support applying the distraction exception to this case because there is no evidence that Guerra was actually distracted by the carts.  In his response, Guerra states that his "attention was naturally directed toward the parking lot and the moving carts limiting his access to said parking lot, not the [plant stand]."  Resp. 5.  However, he cites no evidence to support that assertion.  He notes that he testified that he "initially believed the carts, not the [plant stand], caused his fall."  *Id.* (citing Guerra Dep. 19).  The fact that he thought the carts caused his fall does not suggest that he was distracted by the carts and that said distraction led him to fall.  Moreover, he specifically testified that just before his fall, he was looking toward his car.  *Compare Green*, 799 N.E.2d at 742 (discussing the plaintiff's deposition testimony that she "think[s] [it was] the cart that made me fall" (second alteration in original)), *with* Guerra Dep. 31:1–10 (testifying that just prior to his fall his eyes were directed "[t]oward [his] car").  As Guerra only has evidence that he was looking elsewhere, not at a distraction that was reasonably foreseeable to Menards, he cannot create a genuine dispute of fact as to the distraction exception.

"Determining that the open and obvious doctrine applies does not end the inquiry regarding duty in a negligence case."  *Sollami*, 772 N.E.2d at 224; *Bruns*, 21 N.E.3d at 690 ("The existence of an open and obvious danger is not an automatic or *per se* bar to the finding of a legal duty on the part of a defendant.").  Rather, the existence of an open and obvious danger affects the reasonable foreseeability and likelihood of a plaintiff's injury.  *Bruns*, 21 N.E.3d at 690.

Because the plant stand was an open and obvious danger, the foreseeability to Menards that someone would be injured and the likelihood that someone would be injured are slight. *Bruns*, 21 N.E.3d at 690. But the court must still consider "the magnitude of the burden defendant would bear if the duty were placed on defendant," and "the consequences of placing the burden on defendant." *Kleiber*, 942 N.E.2d at 649–50. Illinois courts have described the inquiry required as determining whether these last two factors "favor [the] plaintiff to the extent that they outweigh the first two factors and thus call for imposing a duty." *Bujnowski v. Birchland*, 37 N.E.3d 385, 397 (Ill. App. Ct. 2015). In this case, they do not. Imposing a burden on Menards to protect customers from large outdoor displays, such as the plant stand, would be significant. Indeed, it is unclear what the solution would be other than to remove them entirely, which would mean Menards could display less merchandise at a prime location near the entrance. *See Serrano v. Menard, Inc.*, 671 F. Supp. 3d 877, 887 (N.D. Ill. 2023) ("Establishing a duty for [the defendant] to guard against all conceivable customer injuries from [obvious hazards] at all times would impose too great a burden in such circumstances." (second alteration in original) (quoting *Hillsamer v. Walmart, Inc.*, No. 20 C 6753, 2022 WL 4079451, at *4 (N.D. Ill. Sept. 6, 2022))). And the imposition of such a burden would be unreasonable, especially in the present case, where Guerra was distracted by returning to his car, not something for which Menards was responsible.[5] *Id.* (finding important to the duty analysis that there was "no indication that anything other than [the plaintiff's] actions caused" his injury). Thus, Menards did not owe

---

[5] Guerra argues that the burden resolving the danger would impose on Menards is quite low because "[i]t would take minimal effort to remove the [plant stand] and put it further [sic] from the cart door or within the store." Resp. 6. But, as discussed above, Guerra testified that he was looking towards his car when he tripped on the plant stand, not at the carts. Guerra Dep. 31:1–10. Thus, moving the plant stand away from the cart door would not resolve the actual cause of Guerra's inattentiveness—returning to his car—and seems beside the point to the question this Court must resolve.

Guerra a duty with regards to the plant stand. As such, Guerra cannot establish all the elements of his negligence claim.

## CONCLUSION

For these reasons, Defendant Menard, Inc.'s motion for summary judgment, ECF No. 36, is GRANTED.  The Clerk is DIRECTED to enter judgment and close the case.

Entered this 23rd day of March, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
